IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

HOPE N. ROBINSON and
FERNAD PIERE,

    Plaintiffs,

v.

BADCOCK'S ECONOMY FURNITURE STORE, INC.
d/b/a BADCOCK HOME FURNITURE & MORE,
a Florida profit corporation,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, Plaintiffs HOPE N. ROBINSON ("Robinson") and FERNAD PIERE ("Piere) (collectively Plaintiffs) by and through their undersigned counsel, hereby file this lawsuit against BADCOCK'S ECONOMY FURNITURE STORE, INC. d/b/a BADCOCK HOME FURNITURE & MORE, ("Defendant" or "Badcock"), a Florida profit corporation, and as grounds therefore allege as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime and retaliation in violation of Florida's Workers' Compensation Act (FWCA).

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff ROBINSON is a resident of Palm Beach County, Florida.

5. Plaintiff PIERE is a resident of Palm Beach County, Florida.

6. Defendant Badcock has a principal address located at 3931 RCA Boulevard, 3122, Palm Beach Gardens, Florida 33410.

7. This cause of action arose in Palm Beach County, Florida.

8. Palm Beach County, Florida is proper venue for this action because Plaintiffs, at all times material hereto, were employed by and had dealings with Defendant in Palm Beach County, Florida.

9. Defendant failed to pay Plaintiffs the mandatory overtime wages as required under federal law.

10. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

12. Plaintiffs' job duties were such that they themselves were individually engaged in interstate commerce.

## COMMON ALLEGATIONS

### Plaintiff Robinson

13. Plaintiff ROBINSON worked for Defendant from approximately February 1, 2013 through approximately January 23, 2021.

14. Plaintiff ROBINSON was initally hired in the position of sales, but also handled collections, sales, and office responsibilities.

15. Plaintiff ROBINSON's duties included handling inbound/outbound calls, pulling credit reports, filing paperwork, greeting customers, and completing sales.

16. Plaintiff ROBINSON was a non-exempt employee under the FLSA.

17. Plaintiff ROBINSON regularly worked over forty (40) hours in a given work week.

18. Plaintiff ROBINSON estimates without the benefit of her wage and hour records, that she worked and average of six (6) hours of overtime per week.

19. Defendant paid Plaintiff ROBINSON $17.00 per hour, making her overtime rate $25.50 per hour.

20. Plaintiff ROBINSON calculates her total unpaid overtime to be $23,868.00 [$25.50/hour x 6 hours = $153.00 x 156 weeks = $23,868.00].

21. The Defendant unlawfully deducted for her lunch hour in violation of 29 CFR § 785.18 which states:

> An employer may not deduct from pay breaks or periods of rest which are shorter than 20 minutes.

22. As a result of the work performed during the lunch hour, the Defendant's lunch hour deduction violates §785.18 and §785.19.

23. Defendant failed to pay Plaintiff ROBINSON the mandatory wages as required under state and federal law.

24. Defendant failed to pay Plaintiff ROBINSON's overtime as required by Federal law.

25. Plaintiff ROBINSON was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

26. Defendant owes Plaintiff ROBINSON overtime from January 23, 2018 through

January 23, 2021.

27. Plaintiff's job duties were such that she herself was individually engaged in interstate commerce.

### Plaintiff Piere

28. Plaintiff PIERE was employed with Defendant from on or about December 3, 2012 up to and including his separation on about or January 23, 2021.

29. Plaintiff PIERE's last position held with Defendant was the position of sales associate.

30. Plaintiff PIERE's duties include greeting customers, assessing customer needs, and completing sales.

31. Plaintiff PIERE is a non-exempt employee under the FLSA.

32. Plaintiff PIERE regularly worked over forty (40) hours in a given work week.

33. Plaintiff PIERE estimates without the benefit of his wage and hour records, that he worked 6.5 hours of overtime per week.

34. Defendant paid Plaintiff PIERE $9.75 per hour, but never paid him for more than 40 hours. Plaintiff PIERE's overtime wages would therefore be $14.63 per hour. $14.63 x 6.5 = $95.10 x 156 weeks = $14,835.60.

35. Defendant owes Plaintiff PIERE a total of $14,835.60 in unpaid overtime, which includes hours Plaintiff was required to work through his lunch hour.

36. The Defendant unlawfully deducted for his lunch hour in violation of 29 CFR § 785.18 which states:

> An employer may not deduct from pay breaks or periods of rest which are shorter than 20 minutes.

37. As a result of the work performed during the lunch hour, the Defendant's lunch

hour deduction violates §785.18 and §785.19.

38. Defendant failed to pay Plaintiff PIERE the mandatory wages as required under state and federal law.

39. Defendant failed to pay Plaintiff PIERE overtime as required by Federal law.

40. Plaintiff PIERE was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

41. Plaintiff PIERE is owed unpaid overtime from January 23, 2018 through January 23, 2021.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### (as to both Plaintiffs)

42. Plaintiffs incorporate by reference all allegations of this Complaint as if set forth fully herein.

43. Plaintiffs were covered, non-exempt employees and are entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

44. Plaintiffs worked in excess of forty (40) hours per week while employed with the Defendant.

45. Defendant failed to compensate Plaintiffs up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

46. The Defendant's failure to properly compensate Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

47. Defendant's failure to pay Plaintiffs' overtime was the result of intentional, willful misconduct, such that Plaintiffs are entitled to overtime payments for three years prior to this lawsuit.

48.     As a direct and proximate result of the Defendant's actions, Plaintiffs have obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

49.     As a direct and proximate result of the Defendant's actions, Plaintiffs have suffered damages.

50.     As a result of Defendant's conduct, Plaintiffs are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against the Defendant as follows: The Plaintiffs shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiffs shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiffs shall be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 19th day of March 2021.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Pamela N. Jorgensen
        Pamela N. Jorgensen Esq.
        Florida Bar Number 1008151
        Primary e-mail: PJorgensen@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway

West Palm Beach, FL 33407
www.ScottWagnerLaw.com